**SARTOR et al. v. SOUTHERN CARBON CO.**
Civil Action No. 359.

District Court, W. D. Louisiana,
Monroe Division.

Aug. 11, 1945.

G. P. Bullis, of Ferriday, La., for plaintiffs.

Oliver & Digby, of Monroe, La., for defendant.

DAWKINS, District Judge.

This is another of the many market price suits brought in this court for the recovery of additional alleged value of natural gas and gasoline extracted therefrom by lessors in the Richland Parish field. Plaintiffs are two of five brothers owning lands in said field, who are parties to the lease that provided for "market price" instead of a fixed rate for the gas. The other three brothers had sued in 1933 for a ⅗ interest, which action was later compromised and dismissed. The present plaintiffs had declined to join in that suit. However, on September 9, 1940, the present demand was filed, in which recovery is sought at the rate of 5¢ per thousand cubic feet, or 2¢ addi-

tional for natural gas, and ⁴⁄₁₀¢ per thousand cubic feet as the alleged value of the gasoline at 5¢ per gallon extracted therefrom.

The petition itemizes the quantities of gas withdrawn from the lands for each of the years 1930 to 1938, both inclusive. Defendant has filed a plea of prescription of three years under Art. 3538 of the Louisiana Civil Code, which the state courts have uniformly held applies to a situation of this kind. Counsel for plaintiffs does not dispute the applicability of this provision of the law (R.C.C. art. 3538), but takes the position that prescription or limitation has been interrupted "by acknowledgement of the debt under Civil Code Art. 3520, and the legal interruption under Civil Code 3518." He also relies upon a provision of Act No. 39 of the State Legislature of 1932.

The lease was a single document, signed by all five brothers, each of whom owned a ⅕ undivided interest in the land by inheritance from their parents. Three of them, J. M., D. R. and F. B. Sartor, filed in 1933, their joint action making the same demand, as here, which was later compromised and settled on the basis, it is alleged, of ⅗ of ⅛ of an additional value of one cent per thousand cubic feet for the gas. The present plaintiffs argue that the filing of this prior suit by their brothers had the effect of interrupting the prescription of Art. 3538 of the Code in their favor as effectively as it did for the three plaintiffs who were parties to that suit. The two articles above cited and that portion of the Act No. 39 of 1932 relied on by plaintiffs are quoted as follows:

Art. 3520, Civil Code. "Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgement of the right of the person whose title they prescribed."

Art. 3518, Civil Code. "A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit had been brought before a court of competent jurisdiction or not."

Act No. 39 of 1932. "The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts."

Plaintiffs' counsel has not cited any decision by the courts of Louisiana directly in point supporting his contention, but seeks by analogy and argument, upon the language of the law, to apply decisions in other cases to the facts of the present one. There can be no doubt but that, as to the three brothers who filed suit in 1932, the articles of the Code and the Act of 1932, as well as the decisions cited, are appropriate; but it is impossible for this court to see how the benefits of those articles or of that Act can be claimed by the present plaintiffs. They persistently failed to join in the original suit, although one or perhaps both appeared and testified as witnesses therein. The present complaint does not tell us why they failed to join in that suit. They may have, during the seven years that intervened between 1933 and 1940, been satisfied or unwilling to take the risk and incur the expense of a lawsuit. In any event the defendant in this case was certainly not put on notice by that original suit that they, the present plaintiffs, were claiming anything from it. On the contrary, it might well have assumed that they were not so claiming because of their failure to join their brothers in the first action.

Then, there are further considerations (plaintiffs admitting in brief that the pleadings, evidence, decrees, etc., in the former suit are to be considered in disposing of this plea of prescription). Defendant strenuously denied in its answer to the suit filed in 1933 that it owed anything further for gas or gasoline but averred that it had paid full market prices for the gas. After several years that suit was compromised and settled, each side giving up something claimed rather than take chances on the outcome. See Art. 3071, R.C.C. The acknowledgment, if it may be called such, was certainly not of the demand that the present plaintiffs made, for it was on the basis of only one cent additional for the natural gas while 2¢ additional is claimed in the present suit. At most, it would seem that the settlement admitted there was a controversy in which each side gave up the chance of success for greatly reduced considerations. It is true that in both suits the claim was that more was due, according to market price than had been paid, but this had to be proved to the satisfaction of a jury by a fair preponderance of the evidence. This was never done and the sum paid was by way of compromise. Art. 3077 of the Revised Civil Code provides:

"Compromise by one interested party—Effect as to others.—A transaction (compromise) made by one of the interested parties is not binding for the others, and can not be opposed by them."

■ It follows that if the compromise in that case was "not binding" on persons not parties to it, they, in turn, can not claim any advantage flowing from it.

■ The simple answer to the assertion that Art. 3518 applies here, is that until 1940, there was never any citation of defendant in a judicial demand by the present plaintiffs to appear before any court upon the demand now made.

The obligation of the lessee in this case was to pay each of the co-lessors his ⅕ of the royalty at market price. Payment to one or more of the whole would not have discharged the debtor's obligation to those who knew nothing about it, did not participate or receive payment. Hence, Arts. 2088 and 2089 of the R.C.C. defining creditors in solido and their rights, as well as Art. 2090, providing: "Every act, which interrupts prescription with regard to one of the creditors in solido, avails the other creditor (creditors)" can have no application to this case. It is governed by Art. 2084 dealing with several obligations. Obligations in solido are not presumed, but must be expressly stipulated. R.C.C. Art. 2093.

The argument of counsel for plaintiffs as to Act No. 39 of 1932 has the effect of claiming for his clients its full benefits, notwithstanding, as previously stated, they had not sued anyone at any time until 1940. A reasonable construction of the language that "The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts," was intended to protect the plaintiff against prescription of the cause of action that he "therein sued upon," as to all those made defendants, regardless of minority or interdiction. As stated earlier, no decision by the state courts has been cited or found to support what seems to this court an attempt to stretch the language far beyond the purpose of the legislature.

The plea of prescription will be sustained as to that part of plaintiffs' demand which accrued more than three years prior to September 9, 1940.

Proper decree should be entered.